

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 8, 1971

Honorable Andy James
Administrator
Texas Real Estate Commission
1101 State Finance Building
Austin, Texas    78711

Opinion No. M- 970

Re: Disposition of that
portion of real estate
broker and salesman
license fees dedicated
to the Real Estate Re-
search Center at Texas
A & M University by
Section 24a of Article

Dear Mr. James:                         6573a, V.C.S.

        In your recent letter to this office you pointed
out that Senate Bill No. 338, Acts 62nd Legislature, Regular
Session, 1971, Chapter 256, page 1140, created at Texas A &
M University, in the College of Agriculture, a Real Estate
Research Center.  This same Act amended the Real Estate
License Act, Article 6573a, Vernon's Civil Statutes, by
increasing the broker and salesman license fees and dedi-
cating one-half of such fees to be used for the support
and maintenance of the Real Estate Research Center at
Texas A & M University.  Your letter goes on to state that
the Comptroller of Public Accounts has advised the Texas
Real Estate Commission that in the event the Commission
deposits all of the receipts for licensing fees in the
State Treasury, the Comptroller will not issue warrants pay-
able to Texas A & M University for one-half of these license
fees because he feels that he is not authorized by law to
do so.  Bearing these facts in mind you request the opinion
of this office upon the following questions:

        1.  "Whether the State Comptroller would
    be authorized by law to draw warrants upon the
    State Treasurer payable to Texas A & M Univer-
    sity upon requisition of the Commission.

        2.  "Should your opinion be negative, the
    Commission requests your opinion as to whether
    the Commission may open a bank account in its
    name, deposit all monies received in such bank

-4742-

account, write checks on such account payable
to Texas A & M University to transmit one-half
of the fees in accordance with Section 24a of
Senate Bill 338 and write a check on such account
payable to the State Treasurer for the balance
remaining in said account."

Section 6 of Senate Bill No. 338 amends Section 22
of the Real Estate License Act (Article 6573a, Vernon's Civil
Statutes) so as to increase the fee for filing of either an
original application or renewal application for real estate
broker from $10.00 to $20.00 and the fee for filing of an
original or renewal application for real estate salesman
from $5.00 to $10.00.  Section 7 of Senate Bill No. 338
amends Section 24 of the Real Estate License Act, and the
relevant portion thereof reads as follows:

"Sec. 24.   (a) Ten Dollars ($10.00) re-
ceived by the commission for the filing of
broker license renewal applications and Five
Dollars ($5.00) received by the commission for
the filing of real estate salesman license
renewal applications shall be transmitted to
Texas A & M University for deposit in a separ-
ate account shall be expended for the support
and maintenance of the Real Estate Research
Center and for carrying out the purposes, ob-
jectives, and duties of the Center.

"(b) Except as provided in Subsection (a)
of this section all moneys derived from fees,
assessments, or charges under this Act, shall
be paid by the commission into the State Treasury
for safekeeping, and shall by the State Treasurer
be placed in a separate fund to be available
for the use of the commission in the administra-
tion of the Act upon requisition of the commis-
sion. . ."

It is clear from the provisions of Section 24a as
amended by Senate Bill No. 338 that the Legislature has
dedicated one-half of the filing fee for renewal applica-
tions of real estate broker and real estate salesman licen-
ses to the special purpose of the maintenance and support
of the Real Estate Research Center at Texas A & M University.
However, reference to the General Appropriations Act for

the current fiscal year shows that no appropriation was made by the Legislature for the support and maintenance of the Real Estate Research Center. Section 6 of Article VIII of the Constitution of Texas provides that, "no money shall be drawn from the Treasury, but in pursuance of specific appropriation made by law;. . .". Therefore, once the fees for license renewal for brokers and salesman have been placed in the State Treasury, the Comptroller of Public Accounts would have no authority to make a warrant payable to Texas A & M University in the amount of one-half of such renewal fees. Manion v. Lockhart, 131 Tex. 175, 114 S.W.2d 216 (1938). This prohibition also applies to funds dedicated to a special purpose. Attorney General's Opinion O-700 (1939). We therefore answer your first question in the negative.

Turning to your second question, we find nothing in the provisions of the Real Estate License Act, as amended by Senate Bill No. 338, which would authorize the Real Estate Commission to deposit the fees received by it under the Real Estate License Act in a local bank account and make a division of those fees between the State Treasury and Texas A & M University. Neither do we find any language in the Real Estate License Act which necessarily implies such authority on the part of the Commission. Therefore, we also answer your second question in the negative.

It is mandatory that one-half of the license fees be deposited in the State Treasury and that the other one-half be transmitted to Texas A & M University. This duty may be performed by placing all the license fees in the hands of the State Treasurer for proper distribution by him pursuant to Article 4393a, Vernon's Civil Statutes.

## SUMMARY

Absent a specific appropriation, Section 6, Article VIII, Texas Constitution, prohibits the Comptroller of Public Accounts from issuing a warrant payable to Texas A & M University in the amount of one-half of the real estate broker and salesman renewal licenses fees received by the Real Estate Commission in accordance with Section 24a of Article 6573a, V.C.S.

The Real Estate Commission has no authority

either express or implied, to deposit such license renewal fees in a local bank and then transmit one-half to Texas A & M University and one-half to the State Treasury.

It is mandatory that one-half of the license fees be deposited in the State Treasury and that the other one-half be transmitted to Texas A & M University. This duty may be performed by placing all the license fees in the hands of the State Treasurer for proper distribution by him pursuant to Article 4393a, V.C.S.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ivan Williams
Tom Fortescue
Jerry Roberts
Lewis Jones
John Reeves

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant